# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

FRANKLIN G. MONK, JR.,

      Appellant,

    v.

DEPARTMENT OF THE NAVY,

      Agency.

DOCKET NUMBER
DC-0752-13-3230-I-1[1]

DATE: September 10, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Franklin G. Monk, Jr., Chesapeake, Virginia, pro se.

Janet Day and Joanna Grzybala, Newport News, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his furlough appeal for failure to prosecute. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] Pursuant to 5 C.F.R. § 1201.36, this appeal was part of a consolidation. *NAVSEA-Taylor II v. Department of the Navy*, MSPB Docket No. DC-0752-15-0506-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    Effective July 8, 2013, the agency subjected the appellant to a furlough for 6 discontinuous workdays, ending on August 12, 2013. Initial Appeal File (IAF), Tab 1 at 7-9, Tab 3 at 4. The appellant filed an appeal with the Board regarding the furlough and requested a hearing. IAF, Tab 1.

¶3    On March 17, 2015, the administrative judge issued an order advising the appellant that he "MUST timely respond" to any orders issued in the appeal and "MUST actively participate in the appeals process as directed." *NAVSEA-Taylor II v. Department of the Navy*, MSPB Docket No. DC-0752-15-0506-I-1, Consolidation Appeal File (CAF), Tab 3 at 1-2 (emphasis in the original). She also stated that failure to actively prosecute the appeal may result in its dismissal, or other sanctions. *Id.* at 2.

¶4    Also in the March 17 order, the administrative judge directed the appellant to file a written submission if he wished to raise any challenges to the furlough action or any affirmative defenses. *Id.* at 4. She stated that any arguments or affirmative defenses not identified in response to that order may be deemed waived. *Id.* at 4-5. The appellant did not file such a pleading. *See* CAF, Tab 7 at 2.

¶5    The administrative judge subsequently issued an order directing the appellant to participate in a telephonic status conference. CAF, Tab 5. She indicated that failure to participate in the status conference may result in dismissal of the appeal for failure to prosecute, or other sanctions. *Id.*

¶6    The appellant did not participate in the status conference. *See* CAF, Tab 7 at 2-3. Accordingly, the administrative judge ordered the appellant to file evidence and argument showing good cause why his appeal should not be dismissed for failure to prosecute. *Id.* at 3. The appellant did not respond to that order. *See* CAF, Tab 8, Initial Decision (ID) at 2.

¶7    The administrative judge then issued an initial decision, without holding the requested hearing, dismissing the appeal with prejudice for failure to prosecute. ID. She found that the appellant: (1) was appropriately notified of his obligation to appear for scheduled conferences and respond to orders, yet failed to appear for the status conference; (2) did not establish good cause for his failure to participate in the prosecution of his appeal; (3) failed to exercise basic due diligence in complying with orders; and (4) exhibited negligence and lack of attention to his appeal. ID.

¶8    The appellant filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1.[3] The agency filed a response in opposition, to which the appellant did not reply. PFR File, Tab 5.

¶9    On review, the appellant states that the agency was wrong in taking the furlough action "Because to [sic] the Budget Control Act of 2011, as amended by the American Taxpayer Relief Act of 2012." PFR File, Tab 1. However, he does not specifically challenge any of the findings in the initial decision concerning his participation in this appeal. He also proffers no explanation for his failure to: (1) file a pleading identifying his challenges to the agency's furlough action and any affirmative defenses he wished to raise; (2) appear for the status conference;

---

[3] The appellant filed an initial appeal form with the Washington Regional Office, which the Clerk of the Board construed as a petition for review. PFR File, Tab 2.

and (3) respond to the order directing him to show good cause for his failure to appear for the status conference. As such, he has not established any basis for review and his petition is denied. We discern no error in the initial decision and we note that the Board recently affirmed a dismissal for failure to prosecute under circumstances very similar to those presented here. *See Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 7 (2015). We therefore affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide

for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States court of appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.